IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PERCY ALLEN WILLIAMS, JR,　　　)
　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　v.　　　　　　　　　　)　　　1:11CV868
　　　　　　　　　　　　　　　　)
KEVIN M. BRIDGES, et al.,　　　)
　　　　　　　　　　　　　　　　)
　　　　　Defendant(s).　　　　 )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, has submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process this Complaint. The problems are:

1. Filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review.

2. Pursuant to the Prison Litigation Reform Act, Plaintiff may no longer proceed *in forma pauperis* in this Court unless he is under imminent danger of serious physical injury. The Act provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief

> may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In this Court alone, Plaintiff has had two cases dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. (1:10CV904 and 1:11CV493.) He has also had multiple cases dismissed in other courts for being frivolous. *See, e.g., Williams v. Keller*, 5:11-ct-3080-D (E.D.N.C., Sept. 27, 2011)(unpublished); *Williams v. Keller*, 5:10-ct-3196-D (E.D.N.C. Sept. 26, 2011)(unpublished). Plaintiff has alleged in his present Complaint that he "has been placed in imminent danger of serious injury." (Docket Entry 2, Supplemental Pages, ¶ 31.) However, he alleges nothing to support this conclusory statement. Further, his entire Complaint is about his allegedly unjust incarceration, not about any sort of dangerous condition. To the extent that Plaintiff may be claiming that the fact of his incarceration alone places him in imminent danger, this contention fails. If this were so, prisoners would never be barred from seeking *in forma pauperis* status by § 1915(g).

3. Plaintiff has failed to provide a sufficient number of copies. Plaintiff must submit the original, one copy for the Court, and one copy for each defendant named.

Consequently, this particular Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send

Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

**IT IS RECOMMENDED** that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

                                          /s/ L. Patrick Auld
                                          **L. Patrick Auld**
                                        **United States Magistrate Judge**

October 19, 2011