IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PERCY ALLEN WILLIAMS, JR., )
)
               Plaintiff, )
)
               v. )      1:11-cv-868
)
KEVIN M. BRIDGES, et al., )
)
             Defendants. )

**ORDER**

On October 19, 2011, the United States Magistrate Judge's Recommendation was filed and notice was served on the parties pursuant to 28 U.S.C. § 636. (Doc. 3; Doc. 4.) It recommended that the Complaint be dismissed without prejudice to Plaintiff filing a new complaint, along with the $350.00 filing fee and the correct number of copies. Plaintiff filed Objections to the Recommendation within the time limit prescribed by § 636. (Doc. 5; *see* Doc. 6.) He also filed an Amended Complaint in which he attempts to add allegations to remedy the substantive defect noted in the Recommendation. (Doc. 7.)

The Court has reviewed Plaintiff's objections *de novo*, as well as his Amended Complaint, and finds that the objections are not convincing and that the Amended Complaint does not solve the problems identified in the United States Magistrate Judge's Recommendation. The Recommendation (Doc. 3) is affirmed and adopted in full, as supplemented by this Order.

The primary reason for dismissal cited in the Recommendation was that Plaintiff is barred from proceeding *in forma pauperis* by the "three strikes" provision of 28 U.S.C. § 1915(g).

Plaintiff does not deny that he is so barred.[1]  However, he contends in his Objections that he should be relieved from the "three strikes" bar because he faces an imminent danger of serious physical injury, which is a statutory exception.  *See* 28 U.S.C. § 1915(g); *Tolbert v. Stevenson*, 635 F.3d 646, 648 (4th Cir. 2011).  His Amended Complaint adds allegations intended to support that argument.  In it, he claims that he is a disabled veteran with "patellofemoral pain syndrome" in both knees and that this condition is being exacerbated by having to jump off a top bunk and by a lack of adequate medical care.  (Doc. 7 at 10-11 ¶ 30.)  He believes that this meets the imminent-danger requirement of § 1915(g).

Assuming for the sake of argument that pain from a knee condition can constitute a "serious physical injury," Plaintiff has not shown a sufficient connection between his knee pain and the subject matter of his lawsuit.  "[T]he complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts . . . ."  *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009).  Considerations in evaluating the existence of such a nexus are "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury."  *Id.* at 298-99.  "Fairly traceable" is not the same as "but for" causation, which would provide too broad a link between incarceration and imminent danger.  *Id.* at 299 n.1.

In his Complaint and Amended Complaint, Plaintiff alleges that Defendants have improperly and illegally incarcerated him.  Plaintiff seeks only compensatory and punitive

---

[1]  Mr. Williams has had at least three actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim.  *Williams v. Keller*, No. 5:11-CT-3080-D (E.D.N.C. Sept. 27, 2011); *Williams v. Smith*, No. 5:10-CT-3196-D (E.D.N.C. Sept. 26, 2011); *Williams v. Keller*, No. 1:10CV904 (M.D.N.C. Feb. 2, 2011).

damages. His knee problems are alleged to be caused not by the fact of his incarceration, but by his bunking assignment and medical care.

In a broad sense, his incarceration may be a "but for" cause of his alleged knee problems, but more is required. It is exactly the sort of link rejected in *Pettus*, where it was held that "improper prosecution and inmate classification . . . are much too attenuated from the imminent danger of serious physical injury . . . to conclude that this danger may fairly be traced back to the asserted wrongs." *Id.* at 299; *see also Heidelberg v. City of Mobile Police Dep't*, No. 11-0256-CG-N, 2011 WL 3610698, at *2 (S.D. Ala. July 27, 2011) (finding that allegations that the plaintiff's rights were violated in the early stages of criminal proceedings were not sufficiently related to his conditions of incarceration at the time of filing), *adopted by* 2011 WL 3610656 (S.D. Ala. Aug. 16, 2011); *Biggins v. Seaton*, No. PJM-10-1488, 2010 WL 7920611, at *1 n.2 (D. Md. July 9, 2010) (finding that allegations of poor representation by public defenders were not sufficiently connected to the plaintiff's allegations of lack of medical treatment during incarceration). Likewise, the added allegations of imminent danger in Plaintiff's Amended Complaint do not relieve him of the "three strikes" bar or affect the substance of the recommendation that the original Complaint be dismissed.[2]

There is one final matter. Plaintiff filed, along with his Amended Complaint, an additional application to proceed *in forma pauperis*. (Doc. 8.) As just explained, Plaintiff cannot proceed *in forma pauperis* in this case. Therefore, that renewed application will be denied.

---

[2] The disconnect between Plaintiff's alleged knee problems and his allegations of illegal incarceration is highlighted by the fact that he is currently seeking relief based on his knee conditions in an entirely separate case which is going forward at the present time. Amended Complaint, *Williams v. Smith*, No. 1:10-cv-615 (M.D.N.C. Apr. 8, 2011), ECF No. 16. Plaintiff can and should raise any knee-related allegations in that case, not in cases unrelated to his knee pain.

**IT IS THEREFORE ORDERED** that:

1. The Recommendation of the United States Magistrate Judge (Doc. 3) is adopted;

2. Plaintiff's most recent application to proceed *in forma pauperis* (Doc. 8) is denied; and

3. This action is dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, along with the $350.00 filing fee and the correct number of copies.

This the 18th day of January, 2012.

_____
UNITED STATES DISTRICT JUDGE